977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Andrianna Denise WILLIS, Defendant-Appellant
 No. 92-5219.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before RALPH B. GUY, Jr., BATCHELDER and LIVELY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fulfilling her end of a plea bargain, appellant Andrianna Willis entered a plea of guilty to count one a superceding indictment charging her under 21 U.S.C. § 841(a)(1) with possession with intent to distribute cocaine. The Government's end of the plea bargain allowed Willis to appeal the District Court's denial of her motion to suppress the evidence seized by the police when they entered her apartment at her request in connection with a quarrel between Willis and her live-in boyfriend, Eza Roberson.
 
 
 2
 The District Court accurately recited the facts and correctly applied the law on this matter. Accordingly, because we find that oral argument would be of no benefit in this case, we will dispose of it under Sixth Circuit Rule 9. Appellant asserted that the evidence, which police seized in plain sight, was inadmissible because her prior consent to the officers' warrantless entry into the apartment which she shared with Roberson did not allow the police to enter legally where her boyfriend actively objected, nor were there exigent circumstances which justified entry. As the District Court held, there is no merit to this argument, nor would rehashing it afresh serve any purpose.
 
 
 3
 Additionally, while neither party addressed the question directly, we hold that Willis had no standing to assert any Fourth Amendment rights in this situation. As we stated in United States v. Knox, "Fourth Amendment rights are personal and may not be asserted vicariously." Knox, 839 F.2d 285, 293 (6th Cir.1988), cert. denied 490 U.S. 1019, 109 S.Ct. 1742 (1989). The District Court correctly found that Willis consented to the officers' entry. She may not, therefore, assert a violation of her rights due to her boyfriend's attempts to keep the police out of an apartment in which she had an equal stake.
 
 
 4
 For the reasons ably stated in the District Court's opinion as well as for the lack of standing we recognize here, the order of the District Court denying the appellant's motion to suppress is AFFIRMED.